FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 JUN -21 A 10 30

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA

vs.  :  CASE NO.: CR203-3

DOUGLAS BRADLEY, JR.

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Defendant asserts that he did not abandon his reasonable expectation of privacy in the Oldsmobile that was searched by refusing to identify the friend who was the owner of the car. Defendant contends that, because he did not abandon his expectation of privacy in the car, the police should have had a warrant to search the car. Defendant alleges that there was not probable cause to believe a crime had been committed, nor was there evidence that the car was mobile to justify the warrantless search of the Oldsmobile.

Contrary to Defendant's assertion, he did abandon any expectation of privacy in the Oldsmobile. As noted by the Magistrate Judge in his Report, Defendant "relinquished his interest" in the Oldsmobile when he provided police officers two conflicting versions of who the owner of the vehicle was *and* by not telling officers that the owner of the Oldsmobile had permitted him and his girlfriend to drive the car for approximately one year. In addition, Eckhoff testified that Defendant's girlfriend, Ms. Armstrong, told the other officers on the scene that "she did not know anything about the car." (Hrg. Tr., p. 9.) The "objective facts"

available to the officers at the time revealed Defendant's "intent" to abandon his reasonable expectation of privacy. See United States v. Cofield, 272 F.3d 1303, 1306 (11th Cir. 2001). The objective facts available at that time, however, did not reveal to the officers whether the Oldsmobile was stolen or had been abandoned; all Eckhoff and the other officers knew at that time was that a "suspicious vehicle" had been reported and the vehicle likely belonged to someone other than the Defendant. Because of this, Eckhoff was permitted to search the Oldsmobile "to determine the identity of the owner." See United States v. Edwards, 441 F.2d 749, 754 (5th Cir. 1971).[1] Eckhoff repeatedly testified that he opened the Oldsmobile in an attempt to identify the owner of the vehicle. (Hrg. Tr., pp. 9, 10-11, 19, and 24-25.) After Eckhoff opened the car in an attempt to identify the owner, he asked Defendant if he knew anything about a shotgun being in the car. Defendant then told Eckhoff that the shotgun was in the front of the car. (Hrg. Tr., p. 26.) Eckhoff's actions on the night of June 10, 2002, met one of the exceptions to the general rule against warrantless searches, as he was responding to a "suspicious vehicle" call and opened the car in an attempt to verify ownership of the car. See Edwards, 441 F.2d at 754. Therefore, he was not required to meet yet another exception to this general rule: that a police officer "can conduct a warrantless search or seizure of a vehicle if there exists probable cause to believe that the vehicle contains contraband or other evidence which is subject to seizure under the law and there exist exigent circumstances which necessitate a search or seizure." United States v. Forker, 928 F.2d 365, 368 (11th Cir.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

1991).

Defendant's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Defendant's Motion to Suppress (Doc. No. 32) is **DENIED**.

**SO ORDERED**, this 2 day of June, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3

AO 72A
(Rev. 8/82)